J-S35016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JASMINE Y. SIMS | : | |
| Appellant | : | No. 1476 WDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003447-2016

BEFORE: LAZARUS ,J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED AUGUST 23, 2017**

Appellant, Jasmine Y. Sims, appeals from the judgment of sentence of three days of incarceration or participation in a DUI alternative program plus a $200 fine, following a bench trial resulting in her conviction for driving under the influence, driving while operating privilege is suspended, and possession of marijuana.[1]  After careful review, we reverse in part and remand for resentencing.

Officer Ilija Tubin ("Officer Tubin"), the sole witness in this matter, testified that in January 2016, he pulled Appellant over upon observing that her vehicle plate registration was expired and her tail light was out.  Notes of Testimony (N.T.), 7/21/16, at 4-5.  While approaching the vehicle, Officer

_____

[1] Respectively, *see* 75 Pa.C.S. §§ 3802(d)(2), and 1543(a); and 35 Pa.C.S. § 780-113(a)(31).

_____

* Former Justice specially assigned to the Superior Court.

Tubin smelled burnt marijuana. *Id*. He observed empty plastic bags and marijuana cigarette wrappers inside of the vehicle. *Id*. at 6. Officer Tubin discovered that Appellant's license was suspended, and because neither Appellant nor her passenger had a valid license, Officer Tubin informed Appellant that the vehicle would be towed. *Id*. at 6-7.

The passenger was found to be in possession of narcotics and was placed under arrest, whereupon Appellant became uncooperative and a field sobriety test was not possible. *Id*. at 7-8, 15. Officer Tubin inquired whether there was marijuana in the vehicle, and Appellant responded, "the roaches I just smoked." *Id*. at 8, 15. Appellant was arrested. *Id*. at 8-10. Four remnants of marijuana cigarettes were found in the vehicle ashtray. *Id*. at 8-9. Officer Tubin testified that based on his experience and the circumstances, he believed Appellant was under the influence of marijuana. *Id*. at 11-12. Officer Tubin further testified that he could not "say whether [Appellant] was able to safely drive" and noted the Appellant's ability to safely pull over the vehicle and the absence of swerving. *Id*. at 11-12, 14.

Following trial in July 2016, the trial court, sitting without a jury, found Appellant guilty of the aforementioned charges. In September 2016, Appellant was sentenced to three days of incarceration or DUI alternative program for the DUI, a $200 fine for driving while operating privileges are suspended, and no further penalty on the possession of marijuana.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following question for our review:

1.  Is evidence insufficient to prove a violation of 75 Pa.C.S.A. § 3802(d)(2) when the Commonwealth presents no evidence that a defendant is incapable of safe driving or that the defendant drove in an unsafe manner?

Appellant's Brief at 5 (some formatting applied).

In her only issue, Appellant challenges the sufficiency of the evidence presented at trial, averring the evidence was insufficient to show that she was incapable of safely driving.[2] Appellant's Brief at 12-22. We agree, as does the Commonwealth. Commonwealth's Brief at 6-10.

When examining a challenge to the sufficiency of the evidence, our standard of review requires we consider the evidence in the light most favorable to the Commonwealth as verdict winner.

Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so

_____

[2] Appellant does not challenge her other convictions.

weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. McKellick***, 24 A.3d 982, 990 (Pa. Super. 2011) (citations omitted).

Appellant was convicted of driving under influence of a controlled substance under 75 Pa.C.S. § 3802(d)(2), which states:

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> * * *
>
> (2) **The individual is under the influence of a drug** or combination of drugs **to a degree which impairs the individual's ability to safely drive**, operate or be in actual physical control of the movement of the vehicle.

75 Pa.S.C. § 3802(d)(2) (emphasis added). This Court has explained that:

> Section 3802(d)(2) does not require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section. Rather, the Commonwealth must simply prove that, while driving or operating a vehicle, the accused was under the influence of a drug to a degree that impaired his or her ability to safely drive that vehicle.

***Commonwealth v. Hutchins***, 42 A.3d 302, 307 (Pa. Super. 2012) (internal citations omitted).

Here, although the Commonwealth presented evidence of Appellant's recent marijuana use, it failed to establish that Appellant was impaired at the time of driving or incapable of safely driving. Indeed, Officer Tubin specifically declined to comment on Appellant's ability to safely operate a vehicle. N.T., 7/21/16, at 11-12, 14; ***see***, ***e.g.***, ***Commonwealth v.***

*Etchison*, 916 A.2d 1169, 1172 (Pa. Super. 2007) (concluding that evidence was insufficient to sustain a conviction under Section 3802(d)(2), where the Commonwealth introduced no evidence that prior ingestion of marijuana impaired the defendant's ability to drive safely), *affirmed per curiam*, 943 A.2d 262 (Pa. 2008).

We have evaluated the entire record, and, viewing the evidence in the light most favorable to the Commonwealth, we conclude the Commonwealth did not meet its burden of proving beyond a reasonable doubt that Appellant was under the influence of marijuana to such a degree as to render her incapable of safe driving. Accordingly, there was insufficient evidence to convict Appellant under Section 3802(d)(2), and we reverse same. *Etchison*, 916 A.2d at 1172. We remand for resentencing, as our instant decision may have disturbed the trial court's sentencing scheme. **See Commonwealth v. Roche**, 783 A.2d 766, 773 (Pa. Super. 2001) (remanding for resentencing where vacating of one of multiple convictions may have disturbed trial court's sentencing scheme).

Judgment of sentence reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2017